**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **JESSE ROTHCHILD MOORE,** | ) |
| Defendant/Movant, | ) |
| | ) CR  03-00764 PHX JAT |
| v. | ) CIV 11-00061  PHX JAT(MEA) |
| | ) |
| **UNITED STATES OF AMERICA** | ) REPORT AND RECOMMENDATION |
| Plaintiff/Respondent | ) |
| _____ | ) |

**TO THE HONORABLE JAMES A. TEILBORG:**

On January 7, 2011, Mr. Jesse Moore ("Movant"), who is currently incarcerated in Florence, Colorado, filed a pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, regarding a criminal conviction and sentence entered by the Court.  Respondent filed a motion to dismiss Movant's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on April 25, 2011.  See Civil Doc. 4.   Movant filed a response to the motion and Respondent filed a reply to the response.  See Doc. 5 & Doc. 7.

**I   Procedural History**

An indictment returned July 22, 2003, charged movant with one count of first-degree murder (aiding and abetting) and

one count of conspiracy to commit murder.[1] A warrant was issued and Movant was arrested on August 27, 2003. Movant was appointed counsel at his initial appearance on September 3, 2003. See Criminal Doc. 22.

On October 10, 2003, the Court authorized a fact investigator and mitigation specialist to act on behalf of Movant. See Criminal Doc. 82. On November 24, 2003, the Court granted Movant's sealed ex parte motion seeking the appointment of a neuropsychological expert. See Criminal Doc. 144.

On June 18, 2004, the government filed notice that it did not intend to seek the death penalty against any defendant. See Criminal Doc. 385. On September 17, 2004, Movant filed numerous pretrial motions and on September 20, 2004, Movant filed a motion seeking to sever his trial from that of his co-defendants. See Criminal Doc. 523. On November 16, 2004, the Court denied, *inter alia*, Movant's motion to sever.[2] See Criminal Doc. 711. On November 30, 2004, the Court denied Movant's motion to continue his trial. See Criminal Doc. 774.

A jury trial regarding Movant and three co-defendants began December 1, 2004. See Criminal Doc. 817. On December 3, 2004, the entire voir dire panel was excused for cause and voir dire continued with a new panel. See Criminal Doc. 833. On December 9, 2004, Movant filed a motion seeking to determine his competency to stand trial, which motion was granted the

---

[1] The crime involved the murder of an inmate within the confines of a Federal Correctional Institute within the District of Arizona and the indictment named seven co-defendants.

[2] The criminal docket in this matter indicates that two defendants had entered into plea agreements at this time.

following day. See Criminal Doc. 844, 845, 847. After a hearing conducted December 14, 2004, the Court determined Movant was competent to stand trial. See Criminal Doc. 862.

On January 6, 2005, the Court denied Movant's renewed motion to sever, denied Movant's renewed motion for a mistrial, and denied Movant's motion for a directed verdict of not guilty. See Criminal Doc. 921. On January 20, 2005, the twenty-third day of trial and the day set for closing arguments, the Court ordered Movant to show cause why he should not be sanctioned for filing a late notice of an alibi, and ordered Movant to respond to the government's motion to preclude presentation of Movant's alibi witnesses. See Criminal Doc. 960.

On January 26, 2005, the jury returned a verdict of guilty as to Movant regarding both charged counts. The jury found two other co-defendants guilty of at least some of the charges against them and completely acquitted one co-defendant of all charges. See Criminal Doc. 975 & 978.

On May 31, 2005, Movant was sentenced to concurrent terms of life imprisonment pursuant to his convictions in this matter. The sentences were ordered to be served consecutively to a criminal sentence being served pursuant to his conviction in the United States District Court for the District of Arizona in Docket Number 2:00 CR 0083.[3]

Movant took a direct appeal of conviction. See Criminal Doc. 1103. On December 8, 2006, the Ninth Circuit

---

[3] In that matter, pursuant to a written plea agreement, Movant was convicted of the use of a firearm during a crime of violence and, on September 11, 2000, sentenced to a term of ten years imprisonment.

Court of Appeals reversed Movant's conviction and remanded the matter for a new trial, concluding that the Court abused its discretion by excluding the testimony of Movant's mental health experts on the issue of diminished capacity, concluding that Movant's failure to list these witnesses at an earlier time was not willful and was not done to seek tactical advantage. The Ninth Circuit also determined the Court did not give enough weight to Movant's counsel's representations that Movant was not able to assist them in presenting a defense. See Criminal Doc. 1171.

On January 4, 2007, the Court granted Movant's then-counsel's motion to withdraw as counsel and appointed new counsel to represent Movant and set a trial date of February 6, 2007. See Criminal Doc. 1177.[4] The trial date was continued several times and, on June 8, 2007, the trial date was set for January 8, 2008. See Criminal Doc. 1204. On October 12, 2007, the trial date was moved to April 1, 2008. See Criminal Doc. 1227.

On February 11, 2008, pursuant to a written plea agreement, Movant entered a guilty plea to the lesser-included offense of second-degree murder in violation of 18 U.S.C. § 1111. See Criminal Doc. 1249, 1293. Count 2 was dismissed as part of the plea agreement. In the written plea agreement Movant waived his right to a direct appeal of his conviction and sentence and also waived his right to challenge his conviction

---

[4] Movant was represented by Larry Hammond in his criminal proceedings, by different counsel (at his behest) in his direct appeal, and a third counsel in his criminal proceedings after remand.

and sentence through an action pursuant to section 2255. In the written plea agreement Movant averred: "On May 9, 2001, I stabbed Jesus Lopez Rocha with a 'shank' while on the recreation yard at FCI Phoenix, Arizona. He died as a result." Criminal Doc. 1249, Attach.

On June 23, 2008, Movant was sentenced to a term of 151 months of imprisonment, to be served consecutively to the sentence being served in United States District Court for the District of Arizona 2:00 CR 83, to be followed by a term of five years supervised release. See Criminal Doc. 1292, 1295.

Movant did not take a direct appeal of his conviction and sentence. On January 7, 2011, Movant filed this section 2255 action, asserting that his guilty plea was not knowingly and voluntarily made, in violation of Rule 11, Federal Rules of Criminal Procedure, and that he was denied his right to the effective assistance of counsel. Respondent contends the motion and this action should be dismissed because the action was not filed within the statute of limitations and because Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement.

**II Analysis**

**Statute of limitations**

A one-year statute of limitations on a section 2255 action applies to criminal convictions entered by the Court. The statute of limitations begins to run when a conviction becomes final. See, e.g., United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000). "The Supreme Court has held that a conviction is final in the context of habeas review when 'a

judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001), quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 712 n.6 (1987).

> Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from ... the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, [] (2003). See also Jimenez v. Quarterman, 555 U.S. 113, 129 S.Ct. 681, 685, [] (2009) (same); Aguirre-Ganceda, 592 F.3d at 1045 (same).

United States v. Buckles, ___ F.3d ___, 2011 WL 2150992, at *3 (9th Cir.). The Supreme Court has stated that "Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." Flynt v. Ohio, 451 U.S. 619, 620, 101 S. Ct. 1958, 1959 (1981), quoted in United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005). The Ninth Circuit has held that, in cases in which the defendant does not file a direct appeal, the conviction becomes final fourteen days after the entry of the judgment. See Schwartz, 274 F.3d at 1223 n.1; United States v. Garcia, 210 F.3d 1058, 1060-61 (9th Cir. 2000).

Movant was sentenced on June 23, 2008. Assuming that Movant's conviction and sentence became final, at the latest, two weeks later, i.e., on or about July 7, 2008, the statute of

-6-

limitations regarding his conviction expired on or about July 8, 2009. See Schwartz, 274 F.3d at 1223; Garcia, 210 F.3d at 1060-61. Accordingly, the motion filed January 7, 2011, was filed more than one year after the statute of limitations expired and may be dismissed.

Movant would be entitled to equitable tolling of the statute of limitations if he establishes that he has diligently been pursuing his rights and that "some extraordinary circumstance prevented timely filing of his section 2255 motion. See, e.g., Buckles, 2011 WL 2150992, at *5 (holding that the movant was not entitled to equitable tolling notwithstanding his counsel's alleged misconduct because it had "no effect" on the timeliness of his motion). The Ninth Circuit has held that movants who relied to their detriment on incorrect statements of law by the Ninth Circuit, or those who are "affirmatively misled" by a court's erroneous instructions may be entitled to tolling. See id., 2011 WL 2150992, at *7.

In response to the motion to dismiss Movant asserts the Court did not ensure there was a factual basis for his guilty plea. Movant also contends his plea is invalid because he was not placed under oath before the plea colloquy.

Movant has not provided a basis for the equitable tolling of the statute of limitations on his section 2255 action. Accordingly, the motion to dismiss should be granted because the section 2255 action is untimely.

**Waiver of the right to a collateral attack**

Respondent asserts that Movant waived his right to collaterally attack his conviction and sentence pursuant to

section 2255 in the written plea agreement.  The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement.  The sentence imposed on Movant was consistent with the terms of the plea agreement, i.e., the plea agreement stated Movant's sentence would be between 15 and 25 years and he was sentenced to a term of 25 years imprisonment.  Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid.  Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action, his section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the Movant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

However, a plea agreement which waives the Movant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary.  See, e.g., Jeronimo, 398 F.3d at 1156.  In Jeronimo the Ninth Circuit Court of Appeals concluded

that the District Court did not have jurisdiction to consider the appeal of a Movant who had waived his right to collaterally attack his conviction in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made". Id. See also United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, but only if the agreement was involuntary or unknowing, or if the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. Cf. United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding, in a section 2255 case, that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a Movant to [the] consequences [of a plea agreement]."). Because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin

-9-

v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("we doubt that a plea agreement could waive a claim of ineffective of assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

### III Conclusion

Movant's section 2255 motion was not timely filed and Movant presents no basis for equitable tolling of the statute of limitations. Because the waiver of his right to collaterally attack his sentence in the writtten plea agreement was not unknowing or involuntary, the Court may dismiss Movant's claims as waived.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss be **granted** and Mr. Moore's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 20th day of June, 2011.

_____
Mark E. Aspey
United States Magistrate Judge