**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 11-0061-PHX-JAT (MEA) |
| Plaintiff/Respondent, | No. CR-03-0764-PHX-JAT |
| vs. | **ORDER** |
| Jesse Rothchild Moore, | |
| Defendant/Movant. | |

Pending before the Court is Defendant's motion under 28 U.S.C. § 2255 (Supp. 2011) to vacate, set aside, or correct his sentence (Doc. 1). This case was referred to a magistrate judge, who issued a Report and Recommendation (Doc. 8) recommending this Court find that the Motion in this case is both barred by the statute of limitations and waived pursuant to § 2255 in the written plea agreement.

In reviewing a Report and Recommendation ("R&R"), this Court must conduct a de novo review of any portion of the R&R to which either party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Although Plaintiff does not raise any particular or cognizable objections in his filed Objection (Doc. 9), the Court will review the Motion de novo.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for defendants to file habeas petitions, starting when their convictions become final. 28 U.S.C. § 2244(d) (2006). "The Supreme Court has held that a conviction

is final in the context of a habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition of certiorari finally denied.'" *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). For cases in which the defendant does not file a direct appeal, the conviction becomes final fourteen days after judgment is entered. *See Schwartz*, 274 F.3d at 1224 n.1; *United States v. Garcia*, 210 F.3d 1058, 1060–61 (9th Cir. 2000).

In this case, judgment was entered on June 26, 2008. Defendant did not take a direct appeal.[1] Thus the conviction and sentence became final fourteen days later on July 10, 2008. The statute of limitations expired one year later on July 11, 2009. Accordingly, the Motion filed January 7, 2011, was filed more than one year after the statute of limitations expired and may be dismissed.

Equitable tolling is available when a movant has been pursing his rights diligently and some extraordinary circumstance prevented timely filing. *See, e.g.*, *United States v. Buckles*, No. 08-36031, 2011 WL 2150992, at *5 (9th Cir. 2011) (holding that the movant was not entitled to equitable tolling notwithstanding his counsel's alleged misconduct, because it had "no effect" on the timeliness of his motion). Here, again, Defendant's conviction became final in July 2008. Defendant did not file this Motion until January 2011. After the Government's motion to dismiss Defendant's Motion, Defendant filed a response (Doc. 5). In it, he asserts that the Court did not ensure there was a factual basis for his guilty plea or place him under oath before the plea colloquy. Even assuming *arguendo* these facts are both true, neither qualifies as an extraordinary circumstance that would prevent a timely filing. This Court agrees with the R&R that Defendant has presented no evidence that an extraordinary circumstance stood in his way from 2009 (when the statute of limitations expired) to 2011 (when Defendant took any action on his case). Accordingly, having

---

[1] Defendant took a direct appeal of his 2005 conviction, which was reversed and remanded by the Ninth Circuit Court of Appeals in 2006, but he did not do so for his 2008 conviction.

considered equitable tolling, the Court continues to find the Motion untimely.

Because the statute of limitations bars Defendant's Motion, the Court need not reach the R&R's second basis for denying Defendant's Motion—that Defendant waived his right to a collateral attack in his plea agreement.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 8) is accepted and adopted; Plaintiff's motion to dismiss (Doc. 4) is granted; Defendant's objections (Doc. 9) are overruled; his motion to vacate, set aside, or correct his sentence (Doc. 1) is denied and dismissed with prejudice; and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Defendant files an appeal, the Court denies issuance of a certificate of appealability, because dismissal of the motion is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 1st day of August, 2011.

_____
James A. Teilborg
United States District Judge